IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Stephen Alvarez** | § | |
|  Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CASE NO.  4:24-cv-4025 |
| | § | |
| **City of Pasadena,** | § | |
| **Jeff Wagner,** | § | |
| **Jay Dale, and** | § | |
| **Cari Brownlee,** | § | |
|  **Defendants** | § | |

## COMPLAINT

**COMES NOW**, Plaintiff Stephen Alvarez, and files this Complaint against the City of Pasadena ("the City"), Jeff Wagner ("Wagner"), Jay Dale ("Dale"), and Cari Brownlee ("Brownlee"), and would show the Court as follows:

## NATURE OF THE LAWSUIT

1. Plaintiff complains of violation(s) of his rights under, *inter alia*, the First and Fourteenth Amendments to the Constitution of the United States.

2. This case is brought under, *inter alia*, 42 U.S.C. §§ 1983 and 1985.

3. Additionally, this case raises supplemental issues arising under, *inter alia*, Section 27 of Article 1 of the Texas Constitution, which are related to this case or controversy, in accordance with 28 U.S.C. § 1367.

4. As will be detailed herein, the Defendants, acting singularly and in concert, have violated the rights of Plaintiff by trying to silence his opposition to local government through the use of law enforcement and/or arrest and incarceration.

## PARTIES & RELEVANT NON-PARTY

5. Plaintiff is a natural person who resides and owns real property in Pasadena, Texas. He is an Hispanic (or Latino), a member of the bilingual Spanish-speaking community, and is entitled to the protections of, *inter alia*, 42 U.S.C. § 1981.

6. Alicia Alvarez ("Alicia") is the wife of Plaintiff, and she resides with Plaintiff, along with their children. She is also an Hispanic (or Latina), and is primarily a Spanish-speaker.

7. Defendant, the City, is a home rule municipality established pursuant to the laws of the State of Texas, located in Harris County Texas, and is a political subdivision of Texas. The City is one of thirty-four municipalities in Harris County, which is among the largest counties in the nation. *See Patino et al v. City of Pasadena et al,* Cause #4:14-cv-03241 (S.D. Tex.), Document 151, at page 39.

8. The other Defendants in this case are individuals acting, singularly and in concert, on behalf of the City and/or in their official capacities. They will, at times, be referred to as the "Individual Defendants."

9. Wagner is a natural person and the elected Mayor of the City. He was first elected in 2017 and then re-elected in 2021. He may be located at Pasadena City Hall, 1149 Ellsworth Drive, Pasadena, TX 77506.

10. Dale is a natural person and the appointed City Attorney of the City. Dale is a subordinate of Wagner. He may be located at Pasadena City Hall, 1149 Ellsworth Drive, Pasadena, TX 77506.

11. Brownlee is a natural person and is employed as an Assistant City Attorney of the City. She is a subordinate of Dale and, by extension, of Wagner as well. She may be located at Pasadena City Hall, 1149 Ellsworth Drive, Pasadena, TX 77506.

## VENUE

12. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C §§ 124 and 1391(b).

## JURISDICTION

13. This Court has federal question jurisdiction of this action pursuant to 28 U.S.C. § 1331.

14. Plaintiff brings his claims for resolution in accordance with, *inter alia*, 42 U.S.C. §§ 1983 and 1985.

15. Based on the foregoing, this Court also has jurisdiction in accordance with 28 U.S.C. § 2201.

16. To the extent necessary for the just adjudication of claims, this Court is, additionally, requested to exercise supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

## PROCEDURAL REQUISITES

17. All conditions precedent to the filing of this action have been met by Plaintiff in that he has timely filed a complaint within the statute of limitation as required by law.

**FACTS**

Upon information and belief, Plaintiff alleges as follows:

18. Plaintiff and his family reside in a home they own in the Fairmont Estates, Section One, area of the City.

19. The City has a long history of discrimination against minorities, including Latinos, as well as a history of more recent events that are more probative. *Patino et al v. City of Pasadena et al,* Cause #4:14-cv-03241 (S.D. Tex.), Document 151, at page 20. To put things in perspective, it should be noted that Pasadena was the Texas headquarters of the Ku Klux Klan, which this Court has recognized as targeting Mexican-Americans. *Id.*, at page 23. Indeed, even in the 1990s, there were continuing incidents of police mistreatment of Latinos and complaints about a close relationship between the Pasadena Police Department and the Ku Klux Klan. *Id.*, at page 24. Complaints of police antipathy toward Latino residents have continued to the present. *Id.*, at page 24.

20. Thus, Plaintiff and his family live in an area that is historically and currently charged with significant racial tension.

21. Since, at least, 2020, Plaintiff has been involved in legal disputes with the City concerning deed restrictions for his neighborhood. *See City of Pasadena v. Alvarez*, Cause #2020-35586 (Harris County, 80th District). The state-court litigation background related to the disputes between Plaintiff and the City is extensive and represents the assertion of legal rights by Plaintiff in the face of ill-founded legal claims raised by the City.

22. Specifically, the prior legal dispute between Plaintiff and the City relates to the construction by Plaintiff and Alicia of an addition to their home, which was undertaken to add accessible living space for the elderly and infirm mother of Plaintiff. Although the deed restrictions related to the property prohibit anything other than a single-family dwelling structure, the structure at issue was intended for and used only by the mother of Plaintiff prior to her death, the structure has never been rented or leased, and the structure does not specifically fit within the definitions of a "duplex" or "multifamily complex" as defined by Section 16 ½ - 5 of the Pasadena Municipal Code. Hence, the legal dispute between Plaintiff (and Alicia) and the City is a matter of selective and improper enforcement which has, over the years, led to animosity between the parties and a clear pattern of efforts to intimidate Plaintiff and his family.

23. This pattern of intimidation is not inconsistent with the judicially-recognized history of the City.

24. Plaintiff has understandably become disillusioned with the perceived low quality and lack of rectitude exhibited by City leadership. A true believer in democratic governance, Plaintiff has been a firm critic of Wagner and has publicly stated his opinions on City leadership at regularly-scheduled meetings of the City Council. The public statements are clearly within the purview of protected rights accorded by the First Amendment of the United States Constitution, section 27 of Article 1 of the Texas Constitution, and Section 2-27 of the Pasadena Municipal Code which is a local ordinance.

25. The City Council meetings are open to the public, and members of the public, including Plaintiff, are invited to attend and speak on matters of public concern during the public comment portion of the meeting. Plaintiff has taken advantage of these for some time to

bring his concerns about municipal government to a relevant audience.  These protest activities have raised the ire of Wagner and City officials and have caused a campaign of retaliation to be unleashed by the Individual Defendants.

26. The campaign of retaliation by the City and the Individual Defendants has taken numerous forms and subtle manifestations, but is exemplified by the following three examples, which have caused great emotional distress and humiliation to Plaintiff and his family.

27. First, on October 18, 2022, Plaintiff addressed a meeting of the City Council, at which time he aired his grievances.  The video of this meeting is published on the internet at: https://youtu.be/ieX6O30aQnE?si=8fSkGy31fL-MXA0o. At that time, Plaintiff was cut off by Wagner, and then was escorted out of the chambers by three armed City officers. Although Plaintiff was composed in his manner of addressing the City Council and Wagner, his removal from the meeting was arbitrary, humiliating and traumatic, and was preserved for posterity by the City by publication on the internet.  The armed-officer removal and escort from the meeting on October 18, 2022 was clearly an over-reaction to the speech of Plaintiff and was an attempt to intimidate and silence him, appearing thus:



Plaintiff's right to speak was denied without any valid legal justification and was based on content discrimination and viewpoint suppression in violation of the First Amendment to the U.S. Constitution.

28. Second, although Plaintiff, Alicia and the City had entered into an Agreed Judgment to settle their dispute concerning the enforcement of deed restrictions, Plaintiff and Alicia found themselves caught in a situation in which they were unable to obtain final approval of their home modification by the City.  The City, in turn, brought civil and criminal contempt charges against Plaintiff and Alicia.  The contempt charges, which aimed to fine and incarcerate Plaintiff and Alicia, were plagued with legal irregularities, as discussed in their state-court responses to the contempt motions, which are tendered herewith as Exhibits A, B, C, and D.  As confirmed by the document tendered herewith as Exhibit E, this criminal contempt proceeding was adjourned.  The criminal contempt proceedings contained significant irregularities, including lack of notice to counsel for Stephen and Alicia Alvarez at the time of filing charges, and the existence of facial irregularities that made the underlying agreed order unenforceable.  Pursuing the matter on behalf of the City, Dale and Brownlee acted in reckless disregard for the rights of Plaintiff and Alicia, in their attempt to incarcerate them in a matter flowing from alleged (and fundamentally unsound) deed restriction violations.   This brush with incarceration of Plaintiff and Alicia, and the ensuing hardship for their children, was needless, wanton, and severely traumatic, but unfortunately the campaign of intimidation by the City and the Individual Defendants did not end there.

29. Third, on October 15, 2024, Plaintiff addressed the City Council to air his grievances.  The video of this meeting is published on the internet at:

7

https://youtu.be/HP2qt9bhTzA?si=U_rmfmUgU3oNCFxU.  This time, five armed City officers converged on Plaintiff to escort him out of the chambers, after Plaintiff referred to Wagner as "Little Jeff", in a scene that looked thus:



Once out of the chambers of the City Council, Plaintiff was handcuffed and placed under arrest, in a humiliating scene that looked thus:



Plaintiff was jailed, charged with a Class B misdemeanor, and released on bond the following day.  The jailing was unwarranted, as Section 2-27(15) of Pasadena Municipal Code indicates that the consequence of repeated violation of the rules of decorum for speakers at City Council meetings is, simply, a 12-month bar from future speaking opportunities.  Plaintiff's right to speak was denied without any valid legal justification and was based on content discrimination and viewpoint suppression in violation of the First Amendment to the U.S. Constitution.  Thus, the campaign of intimidation as to Plaintiff has been long-running, and appears to be escalating.

30. Based on the foregoing, Plaintiff was has been repeatedly deprived of his right to due process under the Fourteenth Amendment, due to procedural violations, arbitrary decision-making, and lack of proper notice.

31. The actions of Defendants were taken under color of state law and directly caused harm to Plaintiff by unlawfully depriving him of constitutionally protected rights.

32. Plaintiff and his family have endured severe emotional trauma as a result of the actions of Defendants.  Additionally, Plaintiff has been harmed in his reputation, work and family relationships, and the marketability of his real property in Pasadena.

33. As such, the parties are at an impasse, thus necessitating judicial resolution of this dispute.

## FEDERAL CIVIL RIGHTS CLAIMS

34. Plaintiff re-alleges and incorporates the foregoing.

35. The actions of Defendants were arbitrary, capricious, and devoid of the procedural safeguards required to ensure fairness, transparency, and due process.

36. Defendants, acting individually and in concert, have violated the rights of Plaintiff arising under the First Amendment, as applied by and through the Fourteenth Amendment..

37. Defendants, singularly and in concert, have the deprived Plaintiff of the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, in violation of 42 U.S.C: § 1981(a).  Under 42 U.S.C: § 1981(c), Plaintiff is protected against impairment under color of State law, which is precisely what Defendants have done.

38.  Defendants, through concerted action, have also denied Plaintiff his right to freely hold his real property in Pasadena, by impairing its marketability, thus violating 42 U.S.C. § 1982.

39. Acting under color of statute and/or ordinance and/or custom, Defendants, singularly and in concert, have subjected Plaintiff to the deprivation of rights, privileges, or immunities secured by the federal Constitution and law, in violation of 42 U.S.C. § 1983.  The Individual Defendants have acted in reckless disregard of the rights of Plaintiff.

40. Defendants have conspired for the purpose of depriving Plaintiff, either directly or indirectly, of the equal protection of the laws, or of equal privileges and immunities under the laws, in violation of 42 U.S.C. § 1985.

41. The Individual Defendants are also liable Plaintiff under 42 U.S.C. § 1986 for neglect to prevent the harm done to Plaintiff.

## REQUEST FOR DECLARATORY JUDGMENT

42. Plaintiff re-alleges and incorporates the foregoing.

43. Plaintiff also respectfully requests the Court to declare the rights and other legal relations flowing from the actions and omissions recited herein, in accordance with 28 U.S.C. § 2201(a).

44. Particularly, the Court is requested to declare whether, and/or to what extent, the actions of Defendants constituted violation of Section 27 of Article 1 of the Texas Constitution.

45. The Court is also requested to declare whether, and/or to what extent, the actions of Defendants constituted a misapplication of Section 2-27(15) of the Pasadena Municipal Code.

## ATTORNEY'S FEES

46. Defendants´ actions and conduct, as described herein, and the resulting damage and loss to Plaintiff have necessitated Plaintiff retaining the services of the undersigned counsel, in order to initiate and litigate this proceeding.

47. Plaintiff seeks recovery of reasonable and necessary attorney's fees and expenses, including those available under 42 U.S.C. § 1988.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff have the following relief:

   a. Damages – actual and/or nominal, and exemplary --  in the amount determined by the trier of fact;

   b.  Attorney's Fees and Costs; and

c.  Such other and further relief, at law or in equity, general or special, to which Plaintiff may show he is justly entitled, including relief under 28 U.S.C. § 2201 and/or Rule 57 of the Federal Rules of Civil Procedure.

Dated: October 18, 2024

Respectfully submitted,

**GL Ahlgren, PLLC**

*/s/Gregory Ahlgren*
Gregory Ahlgren
S.D. Texas No: 28318
Texas Bar No. 00793031
E-mail: service@law-tx.nl

GL Ahlgren, PLLC
2800 Post Oak Blvd., Ste. 5600
Houston, Texas 77056
Telephone: 832-390-2321
Website: www.ahlgrenconsultores.com
**ATTORNEY FOR PLAINTIFF**

**Certificate of Service**

  I certify that a copy of this instrument will be promptly served on Defendants along with Form AO 398.

                   **GL Ahlgren, PLLC**

                   */s/Gregory Ahlgren*
                   Gregory Ahlgren
                   S.D. Texas No: 28318
                   Texas Bar No. 00793031
                   E-mail: service@law-tx.nl

                   GL Ahlgren, PLLC
                   2800 Post Oak Blvd., Ste. 5600
                   Houston, Texas 77056
                   Telephone: 832-390-2321
                   **ATTORNEY FOR PLAINTIFF**