United States District Court
Southern District of Texas
**ENTERED**
March 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN ALVAREZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-04025 |
| | § | |
| THE CITY OF PASADENA, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss.[1]  ECF 30.  Defendants

seek to dismiss Plaintiff's claims for lack of subject-matter jurisdiction and failure

to state a claim.  After considering Parties' arguments, the law, and the relevant

record, the Court GRANTS the Motion for the reasons discussed below.

### I.    Factual and Procedural Background.

This case arises out of a long-running series of disputes between the Plaintiff

and the City of Pasadena ("City").[2]  Plaintiff alleges the City has a history of

discrimination against Latino residents.  ECF 22 ¶¶ 19-21.  In 2020, the City and

Plaintiff became embroiled in state-court litigation[3] over an addition to Plaintiff's

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes.  ECF 39.
[2] The other defendants (collectively, "Individual Defendants") are: Jeff Wagner (at the time, Mayor of Pasadena), Jay Dale (City Attorney), and Cari Brownlee (Assistant City Attorney).  ECF 22 ¶¶ 7-12.
[3] The litigation involved two cases, the closed *City of Pasadena vs. Alvarez*, No. 202035586A (80th Dist. Ct., Harris County, Tex., Jan. 5, 2024) and the severed, ongoing *City of Pasadena vs. Alvarez*, No. 202035586 (80th Dist. Ct., Harris County).

house that the City claimed violated deed restrictions barring multi-family buildings on Plaintiff's property. *Id.* ¶¶ 22-23. Plaintiff settled the deed restriction enforcement dispute with the City and the state court entered an Agreed Judgment. *Id.* ¶ 29.

Plaintiff alleges that since then, the City has repeatedly retaliated against him. He alleges that on October 18, 2022, while speaking at a City Council meeting, then-Mayor Wagner cut him off and ordered armed officers to escort him from the meeting. *Id.* at ¶ 28. In August 2024, the City brought civil and criminal contempt charges against him related to the Agreed Judgment. *Id.* at ¶ 29. Finally, Plaintiff claims he was arrested on October 15, 2024 and charged with a misdemeanor after calling Wagner "Little Jeff" at a City Council meeting. ECF 22 ¶ 30.

Plaintiff's Amended Complaint asserts statutory civil rights claims under 42 U.S.C. § 1981 ("All persons . . . shall have the same right . . . to full and equal benefit of all laws . . . for the security of persons and property as is enjoyed by white citizens"), § 1982 ("All citizens . . . shall have the same right[s] . . . as is enjoyed by white citizens" regarding real and personal property), § 1983 (creating liability for Constitutional violations under color of state law), § 1985 (creating liability for conspiracy to interfere with civil rights), and § 1986 (creating liability for neglecting to prevent conspiracy to interfere with civil rights). ECF 22 ¶¶ 35-44. Plaintiff brings each claim against all Defendants, except the Section 1986 claim, which is

against the Individual Defendants only.  ECF 22 ¶ 44.  Plaintiff does not specify the Defendants' acts he alleges are violations of specific statutes, except that he expressly bases his § 1982 claim on the state-court cases enforcing the deed restrictions.  *Id.* ¶ 41.

Plaintiff also brings a claim for declaratory judgment.  Plaintiff asks the Court to determine whether Defendants violated Article 1, Section 27 of the Texas Constitution, which protects the rights of assembly and petition.  *Id.* ¶ 47.  Plaintiff also asks the Court to determine whether Defendants' actions were a misapplication of Section 2-27(15) of the Pasadena Municipal Code, which explains that repeated violations of public meetings rules may lead to a 12-month ban from meetings. *Id.* ¶ 48.

After Defendants conferred with Plaintiff regarding the deficiencies in his original Complaint, Plaintiff filed an Amended Complaint on February 27, 2025. ECF 22.  Defendants filed their Motion to Dismiss on May 7, 2025.  ECF 30. Plaintiff filed a Response (ECF 37), to which Defendants replied.  ECF 41.

## II.    Legal Standards.

### A.    Rule 12(b)(1) standard.

When a party challenges subject matter jurisdiction, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case."  *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004);

*Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The Court may consider any of the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). When a Defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

### B.    Rule 12(b)(6) standard.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).  In this case, Plaintiff attached 9 Exhibits to his Amended Complaint (ECF 22-1 – 22-5), Defendants attached 5 Exhibits to their Motion to Dismiss (ECF 30-1 – 30-5), and Plaintiff included evidence outside of the pleading his Response (ECF 37).  No party objected to the submissions, and all are referenced in the Amended Complaint and central to Plaintiff's claims.  Therefore, the Court will consider the parties' submissions in resolving the Motion to Dismiss.

### III.    Analysis.

As noted above, the Amended Complaint is vague as to which alleged facts give rise to which alleged constitutional violation by which Defendant. *See generally* ECF 22. The Court construes the Amended Complaint as asserting claims for viewpoint discrimination in violation of the First Amendment, false arrest in violation of the Fourth Amendment, and malicious prosecution in violation of the Fourth Amendment.[4] To the extent Plaintiff asserts these claims against the individual defendants, they are subject to a defense of qualified immunity.[5] *Reitz v. Woods*, 85 F.4th 780, 789 (5th Cir. 2023) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  To the extent he asserts these claims against the City, they are subject to the requirements of *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691(1978). Whether qualified immunity or *Monell* applies, Plaintiff must allege facts that support a violation of his constitutional rights in order to survive the Motion to Dismiss. *See Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (to overcome

---

[4] Plaintiff alleges these claims under the Fourteenth Amendment, but the Supreme Court has held that where a specific constitutional provision protects a right, it should govern over the more general Fourteenth Amendment due process clause. *Graham v. Conner*, 490 U.S. 386, 395 (1989). To the extent it is Plaintiff's intent to assert his malicious prosecution claim as a claim for First Amendment retaliation, it fails for the same reason as the Fourth Amendment claim, i.e., probable cause for his arrest, as discussed in Section IIID below.

[5] It is unclear whether Plaintiff sues the Individual Defendants in their individual or official capacities. *See id.* ¶ 8.  Official capacity claims are duplicative of claims against the City and must be dismissed. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating that a lawsuit against official in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity") The Court interprets the Amended Complaint to assert individual capacity claims, to which qualified immunity applies.

qualified immunity a plaintiff must allege: "(1) the violation of a federal constitutional or statutory right; and (2) that the right was clearly established at the time."); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) ("To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'").

In this Memorandum and Order, the Court first addresses Plaintiff's abandonment of certain claims (Section IIIA). Next, the Court applies the *Rooker-Feldman* bar to several of Plaintiff's claims (Section IIIB). Third, the Court finds that Plaintiff's failure to plead a constitutional violation is fatal to his claims (Sections IIIC and IIID). Fourth, the Court addresses Plaintiff's additional failure to satisfy the requirements of *Monell* (Section IIIE).  Fifth, the Court declines to exercise jurisdiction over Plaintiff's requests for declaratory judgment (Section IIIF). Finally, the Court concludes that leave to amend would be futile.

**A.    Plaintiff has abandoned his claims under 42 U.S.C. §§ 1981, 1982, 1985, and 1986.**

Defendant's Motion to Dismiss addresses and argues for dismissal of all of Plaintiff's claims, including claims under 42 U.S.C. § 1981 (ECF 30 at 16-17), § 1982 (*Id.* at 17-18), § 1985 (*Id.* at 24-25) and § 1986 (*Id.* at 25-26).  Plaintiff's Response fails to mention any of the above-listed claims.  *See generally* ECF 37. District courts in the Fifth Circuit deem claims abandoned if the plaintiff's response "fails to address the claims or oppose a motion challenging those claims."

*Crittenden v. Turner-Hester*, No. 1:23-CV-184-MJT-CLS, 2024 WL 2891887, at *2 (E.D. Tex. June 10, 2024) (gathering cases); *All About Prop., LLC v. Midland Mortg.,* No. 4:22-CV-1684, 2024 WL 1079226, at *5 (S.D. Tex. Feb. 8, 2024) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue" (citations omitted)).

For this reason, Plaintiff's claims under 42 U.S.C. §§ 1981, 1982, 1985, and 1986 are dismissed. In addition and in the alternative, the claims are dismissed pursuant to the *Rooker-Feldman* Doctrine as discussed below. [6]

**B.     The *Rooker-Feldman* Doctrine divests the Court of jurisdiction over Plaintiff's claims that are intertwined with *City of Pasadena v. Alvarez*, Cause No. 202035586A in the 80th Judicial District Court for Harris County, Texas.**

Despite insisting that this case is not a collateral attack on the Agreed Judgment (ECF 37 at 1), Plaintiff's Amended Complaint (ECF 22 ¶¶ 36, 39-44) and

---

[6] These claims are also dismissed as to Dale and Brownlee based on their attorney immunity because they arise out of their representation of the state in the state court deed restriction litigation. *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 767 (5th Cir. 2019) (holding that attorney immunity applies to all "actions taken in connection with representing a client in litigation," even wrongful conduct that is "part of the discharge of the lawyer's duties in representing his or her client," as long as it is not "entirely foreign to the duties of an attorney." (citations omitted)).

Response (ECF 37 at 4-6) focus extensively on the legitimacy of the deed restriction proceedings.  To be clear, any claims that call into question the legitimacy of the Agreed Judgment in Cause Nos. 202035586A are barred by the *Rooker-Feldman* doctrine.

Only the Unites States Supreme Court has "appellate authority 'to reverse or modify' a state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining what is known as the *Rooker-Feldman* doctrine).  The *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*  The Fifth Circuit, citing *Exxon*, 544 U.S. at 284, has identified the four elements necessary to application of the *Rooker-Feldman* bar as "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment."  *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citing *Exxon*, 544 U.S. at 284 and *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015)).

*Rooker-Feldman* bars civil rights claims that are "'inextricably intertwined" with a state-court judgment even though a plaintiff does not request direct review

and reversal of the prior judgment. *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 318 (5th Cir. 1994). Plaintiffs cannot avoid the *Rooker-Feldman* Doctrine through artful pleading. *Id.* at 317 (holding plaintiffs cannot "[cast] a complaint in the form of a civil rights action . . . [to] circumvent [the *Rooker-Feldman*] rule."); *see also Heimlich v. United States*, No. 4:23-CV-3951, 2025 WL 976599, at *4 (S.D. Tex. Mar. 28, 2025) ("[M]aking conclusory allegations of civil rights or federal constitutional violations alone is insufficient to overcome the *Rooker-Feldman* bar to jurisdiction."). Constitutional questions arising in state proceedings must be resolved by the state courts and corrected, if necessary, by the appropriate state appellate court, with further recourse limited solely to an application for a writ of certiorari to the Supreme Court. *Liedtke*, 18 F.3d at 317.

Plaintiff's claims against all Defendants under 42 U.S.C. §§ 1981, 1982, 1983 (other than the § 1983 claims addressed below), 1985, and 1986 are inextricably intertwined to the state-court deed restriction litigation that resulted in the Agreed Judgment in Cause No. 2020-35586A, including the subsequent contempt proceedings against Plaintiff for failing to comply with the Agreed Judgment. ECF 30-2. The Agreed Judgment specifically permits enforcement of its provisions via contempt proceedings (*see* ECF 30-1 at 6), so Defendants' pursuit of contempt charges against Plaintiff is based on the state-court judgment and claims based on those contempt charges operate as a collateral attack. *See Heimlich*, 2025 WL

976599, at *4 (dismissal pursuant to *Rooker-Feldman* of claim for attorney fees that in essence sought appellate review of state court judgment). In order to find in Plaintiff's favor on his §§ 1981, 1982, 1983, 1985, and 1986 claims related to these proceedings, the Court would have to examine the propriety of the prosecution and resolution of the City's enforcement action. *See Kelley v. Texas Workforce Comm'n*, No. CIV A H-08-1396, 2008 WL 4724428, at *3 (S.D. Tex. Oct. 24, 2008) (explaining that a suit is inextricably intertwined with a previous state court proceeding where "it requires this Court to examine the validity of the state courts' judgments."). Therefore, these claims are an impermissible collateral attack on the state court Agreed Judgment. Any violation of Plaintiff's civil rights in the state court proceedings should have raised before the state-court. *Riley v. Louisiana State Bar Ass'n*, 214 F. App'x 456, 459 (5th Cir. 2007). The doctrine applies with even more force here because, according to Plaintiff's filings from Cause No. 202035586A (attached to the Amended Complaint), many of these issues *were already raised* at the state-court level. *See* ECF 22-1; ECF 22-2; ECF 22-3; ECF 22-4. All of Plaintiff's constitutional claims arising out of the deed restriction proceedings are dismissed for lack of subject matter jurisdiction.

Dismissal of all claims intertwined with the state court deed restriction proceedings leaves for review only Plaintiff's § 1983 claims against the City and Individual Defendants for false arrest and malicious prosecution based on incidents

that occurred when Plaintiff spoke at City Council meetings on October 18, 2022 and October 15, 2024.

### C.    Plaintiff has not stated a claim against any Defendant for viewpoint discrimination in violation of the First Amendment.

It is well-established that the First Amendment prohibits viewpoint discrimination in a limited public forum. *See Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 120 (2001). Nonetheless, Plaintiff has not pleaded a plausible claim that he actually suffered such a First Amendment violation.

The public comment period of a Pasadena City Council meeting is a "limited public forum," i.e., a place "that the government has opened for public expression of particular kinds or by particular groups." *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020).; *Wenthold v. City of Farmers Branch, Texas*, No. 3:11-CV-0748-B, 2012 WL 467325, at *8 (N.D. Tex. Feb. 14, 2012) (collecting cases). The City is therefore entitled to limit speech at the meetings to agenda items, to proscribe personal attacks, and to prohibit other disruptive language, as long as it does so in a viewpoint-neutral manner. *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346 (5th Cir. 2001) (When a government body establishes a limited public forum, "[it] may restrict the expression that takes place within the forum so long as the restriction (1) does not discriminate against speech on the basis of viewpoint and (2) is reasonable in light of the purpose served by the forum." (internal quotation marks removed); *see also Wenthold*, 2012 WL 467325, at *7

(explaining that the government can restrict speech in a limited public forum to agenda items); *Mejia v. Lafayette Consol. Gov't*, No. 6:23-CV-00307, 2025 WL 890525, at *8 (W.D. La. Mar. 20, 2025) ("Public bodies can proscribe 'personal attacks' in a limited public forum on the ground that they are irrelevant and violate permissible, viewpoint-neutral content restrictions.").

Plaintiff addressed the Pasadena City Council during a public meeting on October 18, 2022.  ECF 22 ¶ 28.  The relevant events are depicted in a YouTube video that is linked in Plaintiff's Amended Complaint.[7]  ECF 30-4.  In the video, Mayor Wagner warns Plaintiff that he may speak for three minutes but only on the agenda items or "anything throughout our community," according to the Council's rules.  Plaintiff then begins speaking about his personal permitting dispute.  *Id.* Mayor Wagner attempts to stop Plaintiff, who continues to speak, at which point he is escorted out of the meeting.  *Id.*

Two years later, on October 15, 2024, Plaintiff again attempted to address the City Council at a public meeting.  ECF 22 ¶ 30.  Again, there is a YouTube video of the meeting in the record.[8]  ECF 30-3.  The video depicts Plaintiff repeatedly calling

---

[7] *See* CITY OF PASADENA TX COUNCIL MEETINGS, *Pasadena Council Meeting 10/18/2022*, at 04:10-06:52 (YouTube, Oct. 19, 2022), https://www.youtube.com/watch?v=ieX6O30aQnE. When a video recording is included in the pleadings the Court may consider the video in ruling on a motion to dismiss and if the video "blatantly contradicts" factual allegations in the complaint the court will adopt the facts as depicted in the video, "viewed in the light most favorable to the plaintiff." *Kennedy v. City of Arlington, Texas*, 165 F.4th 937, 944 (5th Cir. 2026).
[8] CITY OF PASADENA TX COUNCIL MEETINGS, *Pasadena Council Meeting 10/15/2024* (YouTube, Oct. 15, 2024), https://youtu.be/HP2qt9bhTzA?si=U_rmfmUgU3oNCFxU.

Defendant "Little Jeffrey," to which a councilmember raises a point of order and claims Plaintiff is breaking the rule against disparaging or insulting others. ECF 22 ¶ 30; ECF 30 ¶ 45; ECF 30-3. The video shows Plaintiff speaking for his allotted three minutes and then returning to his seat in the audience, after telling Mayor Wagner to "shut up." *Id.* Later, while other business is being conducted, a voice, presumably Plaintiff, can be heard off-camera making comments about "people's rights," which prompts Mayor Wagner to say, "No comments from the audience, please." *Id.* at 31:50-58. Shortly after, a voice, presumably Plaintiff, calls out a comment ending in "Little Jeffrey," which lead to Plaintiff being removed from the meeting by several officers. *Id.* at 32:50-34:07. Plaintiff alleges that by refusing to allow him to speak and removing him, Mayor Wagner engaged in "content discrimination and viewpoint discrimination in violation of the First Amendment." ECF 22 ¶ 28.

The pleaded facts do not plausibly allege a violation of Plaintiff's First Amendment right against viewpoint discrimination. The videos put forward and heavily referenced by Plaintiff show he violated legitimate restrictions on public comments by speaking on topics outside of the agenda and engaging in disruptive behavior such as heckling, despite being warned repeatedly to follow the rules of the forum. *See* PASADENA, TEX. CODE OF ORDINANCES, chap. 2, art. II, sec. 2-27(1) (requiring those addressing the city council to discuss agenda items or issues

germane to city affairs), (7) (prohibiting disruptive language), (12) (prohibiting personal or derogatory remarks), (14) (allowing the presiding officer to eject a speaker who continues to violate the rules after a warning).

This case is distinct from *Biggers v. Massingill*, No. 23-11023, 2025 WL 429974, at *2 (5th Cir. Feb. 7, 2025), in which the Fifth Circuit found that the plaintiff plausibly pleaded a First Amendment violation by alleging specific facts supporting his allegation that county officials silenced him at a meeting based on his criticism of county government, not rules of decorum. Further, nothing in the *Biggers* opinion indicates that video evidence contradicted his allegations. *Id.* Although Plaintiff here argues the application of the rules of the forum was based on viewpoint discrimination,[9] he offers no facts to support the allegation beyond conclusory statements. The Amended Complaint does not even state the nature of any alleged viewpoint discrimination.

Under the facts alleged and the video evidence viewed in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to plead a First Amendment violation based on events at the 2022 or 2024 City Council Meeting. Therefore, Plaintiff's § 1983 claims based on those events must be dismissed as to all Defendants.

---

[9] To the extent Plaintiff argues that Mayor Wagner selectively applies the speaking rules to Latinos only (ECF 22 ¶ 30; 22-8 at 1), he alleges no facts that support *viewpoint* discrimination.

**D.    Plaintiff cannot state claim under § 1983 for false arrest or malicious prosecution.**

**1.  Plaintiff cannot state a § 1983 false arrest claim.**

Plaintiff cannot state a claim for false arrest. Plaintiff alleges that the City arrested and jailed him on October 15, 2024, without probable cause. ECF 22 ¶ 38. The state court granted the state's motion to dismiss the charges due to lack of probable cause on January 28, 2025. ECF 22-7 at 1.

A § 1983 claim for false arrest has both a state common law element and a constitutional element. *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 651 (S.D. Tex. 2000).  The elements of false arrest under Texas common law are: "(1) willful detention, (2) without consent, and (3) without authority of law." *Id.* (citations omitted).  The Fourth Amendment requires that an arrest be supported by probable cause. *Perdomo v. City of League City, Texas*, 163 F.4th 921, 925 (5th Cir. 2026).  Probable cause exists if "the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996). An officer has probable cause for an arrest if the officer witnesses an offense.  *D.C. v. Wesby*, 583 U.S. 48, 56-59 (2018); *Perdomo*, 163 F4th at 925.  Probable cause is a low bar that requires only a probability or substantial chance of criminal activity. *See Terrell v. Allgrunn*, 114 F.4th 428, 434 (5th Cir. 2024). "There is no cause of action for false arrest under

§ 1983 unless the arresting officer lacked probable cause." *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 651 (S.D. Tex. 2000).

The Texas Penal Code provides that a person commits a crime if "with intent to prevent or disrupt a lawful meeting, procession, or gathering, he obstructs or interferes with the meeting, procession, or gathering by physical action or verbal utterance." *See* TEX. PENAL CODE § 42.05. The facts in the Amended Complaint and the video show the officers were present at the scene when Plaintiff was heckling and name-calling, after he had left the podium and it was no longer his turn to speak. These facts satisfy the low bar of probable cause. Therefore, Plaintiff cannot state a claim under § 1983 for false arrest.

### 2. Plaintiff cannot state a claim for malicious prosecution.

The elements of a § 1983 malicious prosecution claim are "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Aguilar v. City of Carrollton*, No. 3:25-CV-947-B-BN, 2026 WL 587186, at *6 (N.D. Tex. Feb. 3, 2026) (cleaned up), *report and recommendation adopted*, No. 3:25-CV-947-B, 2026 WL 587182 (N.D. Tex. Feb. 27, 2026). The "gravamen of the Fourth Amendment claim for malicious prosecution," is lack of probable cause.

*Thompson v. Clark*, 596 U.S. 36, 44 (2022); *Keenan v. Tejeda*, 290 F.3d 252, 260 (5th Cir. 2002).

Plaintiff's malicious prosecution claim is based on his arrest at the October 2024 Council meeting, which he contends was the continuation of a pattern of retaliation against him.  ECF 22 ¶ 38.  Plaintiff argues the City improperly referred the matter to the District Attorney for prosecution.  *Id.*  As explained above, the pleaded facts show probable cause to make the arrest. The state court's subsequent decision to dismiss the charges for lack of probable cause does not retroactively destroy probable cause to the time of arrest and initial charges. *See Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (collecting cases).

In his Response, plaintiff argues he was not only arrested in retaliation for his comments and legal battles with the City, but also out of racial discrimination.  ECF 37 at 2.  The Amended Complaint includes Declarations from two Councilmen contending that the City has a history of discriminating against Hispanics.  ECF 22-8; ECF 22-9.  Aside from the fact that Plaintiff has failed to plead facts showing racial animus played a role in the legal proceedings against him, his allegations do not establish the "gravamen" of a malicious prosecution claim, i.e., lack of probable cause. Therefore, Plaintiff's § 1983 malicious prosecution claim is dismissed.

### E.    Plaintiff fails to state a municipal liability claim against the City under *Monell*.

Plaintiff's Response identifies the elements of Monell without reference to any supporting facts or substantive argument.  ECF 37 at 4, 8-9. "To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691(1978)).  Plaintiff must identify: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)."  *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (internal quotation marks omitted).  "The existence of a policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle*, 613 F.3d at 542.

Plaintiff has failed to identify a policy or custom related to any of the alleged Constitutional violations.  Vague references to selective enforcement, absent more, are not sufficient.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (policies "must be specifically identified by a plaintiff").  Similarly, Plaintiff's general allegations of or references to the City's history or alleged pattern of racial discrimination against Latinos, do not plausibly allege the existence of a policy.  *See*

ECF 22 ¶ 24; ECF 22-8 at 1; *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850–51 (5th Cir. 2009) (explaining that a "pattern is tantamount to official policy when it is" common and well-settled such that it is custom, and that a pattern "requires similarity and specificity").

### F.    Plaintiff's declaratory judgment claim should be dismissed.

Plaintiff asks the Court to declare that Defendants violated Section 27 of Article 1 of the Texas Constitution or Section 2-27 (15) of the Pasadena Municipal Code by ejecting Plaintiff from the City Council meetings. ECF 22 ¶¶ 47-48.  The Court can only adjudicate the declaratory judgment claim if the Court chooses to exercise supplemental jurisdiction over these purely state law claims.  *See Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997) (the Declaratory Judgment Act does not confer subject matter jurisdiction). The general rule in the Fifth Circuit is to decline to exercise supplemental jurisdiction when the federal claims have been dismissed.  *See Terry v. Inocencio*, 633 F. App'x 281, 282 n.5 (collecting cases) (5th Cir. 2016).  Courts also consider the *Trejo* factors[10] to decide whether to exercise jurisdiction over a declaratory judgment suit.  *See Proassurance Specialty Ins. Co.,*

---

[10] The factors are: (1) whether there is a pending state action in which all the matters in controversy may be fully litigated, (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant, (3) whether the plaintiff engaged in forum shopping, (4) whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change for a, (5) whether the federal court is a convenient forum for the parties and witnesses, (6) whether retaining the lawsuit in federal court would serve judicial economy, (7) whether the federal court is being asked to construe a state judicial decree.  *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

*Inc. v. Cmty. Connection Programs, Inc.*, No. CV 17-2009, 2017 WL 3158152, at
*1–2 (E.D. La. July 25, 2017).  The factors analyze federalism concerns, efficiency,
and fairness.

All these considerations weigh in favor of dismissing the declaratory
judgment claims.  Looking to the *Trejo* factors, the fairness concerns are neutral and
the efficiency factors weigh in favor of the declaratory judgment being brought in
one of the ongoing state court actions involving the parties where related events are
being litigated.  *See Proassurance*, 2017 WL 3158152, at *3; *Geovera Specialty Ins.
Co. v. Cantin*, No. CV 18-8608, 2019 WL 1979934, at *3 (E.D. La. May 3, 2019).
Additionally, state courts are far better suited to dealing with questions of state
constitutional or municipal law, so the federalism factors weigh in favor of dismissal.
*See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless
decisions of state law should be avoided both as a matter of comity and to promote
justice between the parties, by procuring for them a surer-footed reading of
applicable law.").

### G.    Leave to amend would be futile.

Denial of leave to amend is appropriate where a plaintiff has already pleaded
its "best case" after having been apprised of the insufficiency of the complaint.
*Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627
(5th Cir. 2017).  Plaintiff filed his Amended Complaint after having been apprised

of the deficiencies in his Complaint.  ECF 30 at 1.  Plaintiff's Response does not allege any additional facts or request leave to file a second amended complaint.  *See* ECF 37.  Therefore, the Court finds that leave to amend would be futile because Plaintiff has already pled his best case.  Leave to amend is reviewed for abuse of discretion, and where amendment would be futile, there can be no abuse of discretion.  *Yan v. Taylor*, No. 24-10288, 2024 WL 4579606, at *1 (5th Cir. Oct. 25, 2024).

## IV.    Conclusion and Order

For the reasons stated above, it is

ORDERED that Defendants' Motion to Dismiss (ECF 30) is GRANTED. Plaintiff's 42 U.S.C. § 1981, 1982, 1985, and 1986 claims and his claims for declaratory judgment are DISMISSED without prejudice for lack of subject matter jurisdiction.  Plaintiff's § 1983 claims for violation of his First, Fourth, and Fourteenth Amendment rights are DISMISSED with prejudice.

Signed on March 09, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge